**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

INTERNATIONAL OUTDOOR, INC.,

      Plaintiff,

v.

CITY OF DEARBORN HEIGHTS,

      Defendant.

Case No.

Hon.

**COMPLAINT**

---

Benjamin S. Herrick (P66112)
International Outdoor, Inc.
28423 Orchard Lake Road, Suite 200
Farmington Hills MI 48334
248-489-8989
Legal2@iobillboard.com

Corey David Grandmaison (P64392)
International Outdoor, Inc.
28423 Orchard Lake Road, Suite 200
Farmington Hills MI 48334
248-489-8989
Legal1@iobillboard.com

Amir Makled (P76306)
Hall Makled PC
23950 Princeton Street
Dearborn MI 48214
313-788-8888
amakled@hallmakled.com

Attorneys for Plaintiff

---

1

## COMPLAINT

Plaintiff International Outdoor, Inc., by and through its attorneys states its Complaint against the City of Dearborn Heights as follows:

## PARTIES

1. Plaintiff International Outdoor, Inc. is a Michigan corporation with its principal place of business in Oakland County, Michigan. It is an outdoor advertising company that erects outdoor advertising displays for off-premises activities throughout Michigan on property it leases or, in some cases, owns. International Outdoor earns revenue by charging advertisers to display their messages on its signs.

2. Defendant City of Dearborn Heights is organized under the laws of the State of Michigan and is located in Wayne County, Michigan.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331 because International Outdoor asserts claims arising under the United States Constitution and 42 U.S.C. § 1983.

4. The Court has jurisdiction over this action under 28 U.S.C. § 1343(a)(3) & (4) because International Outdoor seeks to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

5. The Court has supplemental jurisdiction over International Outdoor's state law claims under 28 U.S.C. § 1367(a) because such claims are so related to International Outdoor's

claims arising under the U.S. Constitution and 42 U.S.C. § 1983 that they form the same case or controversy.

6.   Venue is proper in the Court under 28 U.S.C. § 1391(b)(1) in this judicial district.

## COMMON ALLEGATIONS

7.   Defendant City of Dearborn Heights maintains and enforces a Sign Ordinance, Section 26-1 et seq.  **Exhibit A.**

8.   The City adopted this ordinance on May 13, 2003 under H-03-01.

9.   There are eight stated governmental interests that the Sign Ordinance advances:

**Sec. 26-1. Purpose.**

The purpose of this chapter is to promote the general safety and welfare of the citizens of the city by facilitating an easy and pleasant communication between people and their environment through the establishment of a comprehensive system regulating signs within the city.  Within this framework, the general objectives of this chapter are as follows:

1.   To permit public and private sign displays that are compatible with their surroundings and orientation; identify activities; advertise or promote the interests of persons, products or services; express local history and character or promote educational purposes;

2.   To encourage public and private signs that are appropriate to the zoning districts in which they are located;

3.   To encourage public and private signs that are readable;

4.   To reduce competition between public and private signs;

5.   To control the number, size and location of signs to reduce visual clutter;

6.   To regulate signs so that they do not obstruct vision or interfere with the functions of vehicle drivers;

7.   To require signs to be properly constructed and installed.

3

8.  To prohibit signs and other visual outdoor advertising which will have an adverse effect upon the existing or planned aesthetic character of the zoning district in which they are located.

10. The Ordinance creates nine Sign Control Districts (SCD) and property is placed in each SCD depending on the underlying zoning classification of property.  Section 26-4.

11. Residential uses are assigned to SCDs I through IV; Commercial uses are assigned to SCDs V and VI; and manufacturing districts are assigned to SCDs VII and VIII.  SCD IX is reserved for future corridor sections.  **See Exhibit B and Exhibit A Section 26-4.**

12. SCD VI includes property zoned C-2 and C-3.  **Exhibit A, Section 26-4.**

13. Billboards are a defined term in the ordinance.  Section 26-3.

14. Section 26-3 defines Billboards to mean a freestanding sign in excess of two hundred (200) square feet supported by one (1) or more upright braces or poles, located either on the ground or upon a building, wall, or pillar, advertising a product, event, person, business or subject not related to the premises on which the sign is located.  **Exhibit A, Section 26-3.**

15. Billboards, as defined, are expressly prohibited under Section 26-11 (15) in every Sign Control District.

16. On-Premises sign is defined as "a sign which advertises only goods, services, facilities, events or attractions on the premises where located."  **Exhibit A, Section 26-3.**

17. On-Premises signs are permitted in every Sign Control District with varying regulatory controls depending on the type of sign.  **Exhibit A.**

18. Off-Premises signs are any "sign other than an on-premises sign."  **Exhibit A, Section 26-3.**

19. Off-Premises signs are only permitted in SCD VI and VII – for properties zoned C-2, C-3, M-1 and M-2.  Section 26-8.

20. Off-premises signs are limited to 350 square feet per sign face and up to 8 feet above ground level, including a base of masonry brick or sculpted block pursuant to Section 26-8.  **Exhibit C.**

21. Under the ordinance definitions, whether the base of the sign is an upright pole or masonry brick seems to control whether a sign is a prohibited Billboard or a legal Off-premises sign since a 201 square foot (or larger) Off-premises sign becomes a prohibited Billboard if the base of the sign is an upright pole or brace rather than masonry brick or sculpted block.

22. Notwithstanding the Billboard prohibition in Section 26-11, there are 13 signs that meet the definition of Billboard that exist inside the City of Dearborn Heights, because they are supported by upright poles and are larger than two hundred square feet for Off-premises communications.  **Exhibit D.**

23. Pursuant to Section 26-15, any sign lawfully erected prior to the effective date of any of the standards contained in the ordinance that no longer meets the standard is deemed non-conforming.

24. Nonconforming signs may not be expanded or enlarged.  Section 26-15(b)(1)

25. Nonconforming signs may not be structurally altered to change the shape, size, type or design of the sign. Section 26-15(b)(2)

26. Nonconforming signs may not be increased in the amount or the intensity of its use. Section 26-15(b)(3).

27. Appeals from the sign ordinance shall be heard by the Zoning Board of Appeals.  Section 26-18(a).

28. There is nothing specifically contained in the Sign Ordinance allowing for a non-conforming Billboard to be relocated.  **Exhibit A.**

29. The Zoning Board of Appeals has the power to hear and decide appeals and shall have the power to authorize a variance from the strict application of the sign ordinance where such application will result in practical difficulties or unnecessary hardships to the person having the beneficial use of the property or sign for which a variance is sought.  Section 26-18 (b).

### *Plaintiff's FOIA Requests*

30. In February 2024, Plaintiff submitted requests for documents under the Freedom of Information Act ("FOIA") for all city records from the last 10 years related to billboards ("FOIA #1").  **Exhibit E.**

31. The documents included in **Exhibit F** contain the entirety of the City's response to FOIA #1.

32. In January 2025, Plaintiff again submitted requests for documents under FOIA for copies of all submittals and documents related to the approval of relocated billboards at 8654 N Telegraph and 4648 Southfield Freeway and any other Billboard in the past 12 years ("FOIA #2") **Exhibit G.**

33. The documents included in **Exhibit H** contain the entirety of the City's response to FOIA #2.

34. In May 2025, Plaintiff submitted further requests for documents under FOIA for any minutes, transcripts or summaries where billboard related discussions for the preceding ten years ("FOIA #3").  **Exhibit I.**

35. The documents included in **Exhibit J** contain the entirety of the City's response to FOIA #3.

36. On June 16, 2025, Plaintiff submitted an additional request for documents under FOIA for all records related to billboards at 4503 S Telegraph, 25412 Ford Road, and 4648 Southfield Freeway ("FOIA #4").  **Exhibit K.**

37. The documents included in **Exhibit L** contain the entirety of the City's response to FOIA #4.

### *Prior City Actions*

38. A thorough review of the City's responses to Plaintiff's FOIA requests reveal four specific instances after the 2003 adoption of the Sign Ordinance where the City allowed **new Billboards** to be installed without involvement of the Zoning Board of Appeals in contravention of the Ordinance.  These include 4503 N Telegraph, 6858 N Telegraph, 4648 Southfield Freeway and 8654 N Telegraph.

39. In three of these instances, the applicant disguised the new sign application as a "relocation" from an existing non-conforming Billboard – 4503 N. Telegraph, 6858 N Telegraph and 4648 Southfield Freeway.

40. The fourth instance of a new sign, 8654 N Telegraph, contained no purported relocation or applications at all; instead the only record was a 2018 permit without explanation.

41. None of the four new signs were approved by the Zoning Board of Appeals; rather, two were approved by the Planning Commission (4503 N Telegraph and 6858 N Telegraph), one was **denied** by the Planning Commission (4648 Southfield Freeway) and there is no evidence that the fourth ever appeared before any public body (8654 N Telegraph).

### *Disguised Relocation to 4503 S. Telegraph*

42. On or about September 12, 2013, GOA applied to the City pursuant to a Site Plan Processing Form to **<u>relocate</u>** an existing 10' x 30' Billboard from 4055 Telegraph to 4503 S. Telegraph.  **Exhibit M.**

43. On or about October 2, 2013, the City's outside consulting firm, McKenna & Associates, reviewed the application and recommended that the Planning Commission approve the application, because it was a "permitted alteration to a nonconforming sign."  **Exhibit N.**

44. The October 10, 2013 Planning Commission Agenda included SPR 13-13, a "Site Plan Review" – Requesting to move an existing sign to 4503 S. Telegraph by GOA.  **Exhibit O.**

45. Minutes of the October 10, 2013 Planning Commission meeting indicate that the sign subject to the Special Land Use / Site Plan Approval at 4055 N. Telegraph was considered a non-conforming Billboard and that the ordinance did not explicitly allow the relocation of non-conforming Billboards.  **Exhibit O.**

46. On October 10, 2013, Defendant City, through its Planning Commission SPR #13-13, voted to approve GOA to **move** the sign from 4055 to 4503 S. Telegraph according to the recommendation of the City's outside consultant McKenna.  **Exhibit O.**

47. This action allowed a **new Billboard** to be constructed in violation of the ordinance without any further approval because both signs exist today.  **Exhibits P and Q** contain pictures of both sign locations.

48. A new Billboard requires a use variance granted by the Zoning Board of Appeals under Section 26-11 (15) of the sign ordinance.

### *Disguised Relocation to 6858 N Telegraph*

49. The October 10, 2013 Planning Commission Agenda included SPR 13-14, a "Site Plan Review" – Requesting to move an existing sign to 6858 N Telegraph by GOA.  **Exhibit O.**

50. The Planning Commission approved SPR #13-14 on October 10, 2013 on the condition that the property owner satisfy the Building Department after the fact that adequate on-site parking would exist on the property. **Exhibit O.**

51. This action allowed a relocation or expansion of a non-conforming use in violation of the ordinance without any further approval.  The ordinance does not allow the Planning Commission to approve deviations from the application of the Sign Ordinance; only the Zoning Board of Appeals is granted this authority.  **Exhibit A, Section 26-18 (b).**

### *Disguised Relocation to 4648 Southfield Freeway*

52. On or about March 12, 2015, GOA applied to relocate an existing Billboard at 20239 Warren Avenue to 4648 Southfield Freeway by submitting a Site Plan Processing Form numbered SLU/SPR # 15-07.  **Exhibit R.**

53. Defendant City's outside consulting firm, McKenna and Associates, by letter dated April 1, 2015 by John R. Jackson, AICP and Laura Haw recommended that the Planning Commission deny the relocation of the billboard from 20239 Warren Avenue to 4648 Southfield Freeway because it increased the non-conformity of the sign. **Exhibit S.**

54. Defendant City's outside consulting firm, McKenna and Associates, by letter dated April 6, 2015 by John R. Jackson, AICP and Laura Haw recommended that the Planning Commission deny the relocation of the billboard from 20239 Warren Avenue to 4648 Southfield Freeway because it increased the non-conformity of the sign. **Exhibit T.**

55. On April 9, 2015, the Dearborn Heights Planning Commission voted to **deny** the application labeled SPR/SLU #15-07 for the reasons set forth in the April 6, 2015 letter from McKenna. **Exhibit U.**

56. On or about June 26, 2018, Defendant City issued Sign Permit Number PS2018-0030 to GOA to erect a 14' x 48' Digital Billboard at 60' above ground level at 4648 Southfield Road. **Exhibit V.**

57. To date, the City has produced no records that the Zoning Board of Appeals ever heard or voted on the relocation of the Billboard from 20239 Warren Avenue to 4648 Southfield Freeway.

58. This action allowed a **new Billboard** to be constructed in violation of the ordinance without approval of the Zoning Board of Appeals because both signs exist today. **Exhibits W** and **X** contain photographs taken August 28, 2025 of both sign locations.

*8654 N. Telegraph*

59. On or about January 4, 2018, Defendant City issued Sign Permit Number PS2018-0001
    to allow Applicant GOA to construct at 10' x 30' Monopole Sign at 45' above ground
    level at 8654 N Telegraph.  **Exhibit Y.**

60. As of August 28, 2025, the 10' x 30' two-sided digital Billboard at 8654 N Telegraph
    exists and is operated by a competitor of Plaintiff International Outdoor, Inc. believed to
    be a height of 55' above ground level, ten feet higher than the permit.  **Exhibit Z.**

61. To date, the City has produced no records that any public body ever heard or voted on the
    installation of a Billboard sign at 8654 N. Telegraph.  The FOIA responses contained in
    **Exhibits F, H, J and L** reveal only a building permit issued without any additional
    context.

*Prior Litigation*

62. GOA filed a complaint against the City in January 2017 alleging unconstitutional
    treatment with respect to its relocation procedures.  **Exhibit AA.**

63. Continuing the favorable treatment of GOA and in violation of the Ordinance, GOA and
    the City executed a Consent Judgment wherein GOA would remove the Billboard at
    20239 Warren Avenue, and in exchange the property at 4648 Southfield Freeway would
    be re-zoned to B-3 and GOA would be allowed to install its Billboards at 4648 Southfield
    Road and 8654 N Telegraph.  **Exhibit BB.**

64. Notwithstanding the terms of the Consent Judgment, the Billboard at 20239 Warren
    Avenue remains active today.  This selective enforcement allowed a **new Billboard** to be
    constructed in violation of the ordinance and the Consent Judgment.

11

*Plaintiff's Applications*

*5401 S. Telegraph*

65. The real property at 5401 S. Telegraph is in a C-2 zone and SCD VI which allows Off-premises signs.

66. In December 2024, Plaintiff International Outdoor sought permission from the building department to replace the 12' x 24' sign at 5401 S. Telegraph with a 14' x 48' sign that was 50' in total height and paid a sign application fee.  **Exhibit CC.**

67. In January 2025 Staff of the Building Department verbally denied the sign application and directed Plaintiff International Outdoor to seek permission from the Planning Commission by way of Special Land Use / Site Plan Approval to alter and replace the 12' x 24' sign with a larger digital sign as had been the customary practice in Dearborn Heights in the past.

68. The off-premises sign at 5401 S. Telegraph was removed in anticipation of a reconstruction in the early part of 2025.

69. On or about March 12, 2025 Plaintiff International Outdoor submitted a Special Land Use / Site Plan Approval to the City and paid the required fee.  **Exhibit DD.**

70. Plaintiff International Outdoor first appeared before the Planning Commission on May 8, 2025 to discuss the project at 5401 S. Telegraph.

71. During the May 8, 2025 Planning Commission meeting, on the advice of counsel, the Planning Commission did not hear Plaintiff's Special Land Use / Site Plan Approval request related to 5401 S. Telegraph even though the fee was paid and the matter was noticed.

72. Plaintiff International Outdoor next appeared before the Planning Commission on June 12, 2025 to discuss 5401 S. Telegraph.

73. In discussion during the June 12, 2025 Planning Commission meeting, the Commission indicated collectively that they did not have the authority to approve any changes or alterations to the sign that existed prior to its removal in February 2025.  **Exhibit EE.**

74. Nevertheless, the Planning Commission voted to recommend that the Building Department issue a permit to Plaintiff International Outdoor install a sign of the exact same dimensions as had existed prior its removal in early 2025.  **Exhibit EE.**

75. Shortly after the June 12, 2025 Planning Commission action, Plaintiff International Outdoor then sought variances from the Zoning Board of Appeals to construct a 14' x 48' digital sign at 70' above ground level at 5401 S. Telegraph and paid the requisite fee. **Exhibit FF.**

76. On August 21, 2025, Defendant City of Dearborn Heights, by and through its Zoning Board of Appeals, conducted a Public Hearing pursuant to Section 26-18 of the City's Sign Ordinance and the Michigan Zoning Enabling Act MCL § 125.3601 et. seq.

77. Plaintiff International Outdoor submitted evidence and demonstrated to the Zoning Board of Appeals that the off-premises sign authorized by the Ordinance does not advance the goals of the ordinance by creating a traffic hazard.  **Exhibit FF.**

78. Plaintiff International Outdoor submitted evidence and demonstrated that the variances sought would better serve the goals of the ordinance by reducing sign clutter and minimizing the visual impact to the nearby residential uses, meeting its burden to allow the ZBA to approve the requested variances.  **Exhibit FF.**

79. The Zoning Board of Appeals voted to approve a size adjustment of the 5401 S. Telegraph sign to 378 square feet – 10'6" x 36'.

80. On August 21, 2025, Defendant City of Dearborn Heights Zoning Board of Appeals voted to deny the height variance request for the Off-premises sign located at 5401 S. Telegraph.

81. On August 21, 2025, Defendant City of Dearborn Heights Zoning Board of Appleals voted to deny the request to allow internal LED lighting (digital conversion) for the Off-premises sign located at 5401 S. Telegraph.

### *25660 Michigan Avenue*

82. The real property at 25660 Michigan Avenue is in a C-3 zone and SCD VI which allows Off-premises signs.

83. Plaintiff International Outdoor sought variances from the Zoning Board of Appeals to construct a 14' x 48' digital Off-Premises sign at 45' above ground level at 25660 Michigan Avenue and paid the requisite fees.  **Exhibit GG.**

84. Plaintiff International Outdoor submitted evidence and demonstrated to the Zoning Board of Appeals that the Off-premises sign authorized by the Ordinance does not advance the goals of the ordinance by creating a traffic hazard.  **Exhibit GG.**

85. Plaintiff International Outdoor submitted evidence and demonstrated that the variances sought would better serve the goals of the ordinance by reducing sign clutter and minimizing the visual impact to the nearby residential uses, meeting its burden to allow the ZBA to approve the requested variances.  **Exhibit GG.**

14

86. Defendant City of Dearborn Heights, by and through its Zoning Board of Appeals, conducted a hearing pursuant to Section 26-18 of the City's Sign Ordinance and the Michigan Zoning Enabling Act MCL § 125.3601 et. seq.

87. The matter first appeared before the Zoning Board of Appeals on May 15, 2025, but the matter was tabled for further information.

88. The Zoning Board of Appeals next discussed the matter at the August 21, 2025 regularly scheduled meeting.

89. In its decision entered August 21, 2025, Defendant City of Dearborn Heights Zoning Board of Appeals denied variance requests made by Plaintiff International Outdoor, Inc. related to an off-premises sign located at 25660 Michigan Avenue.

### *6565 N. Telegraph*

90. The real property at 6565 N. Telegraph is in a C-2 zone and SCD VI which allows Off-premises signs.

91. Plaintiff International Outdoor sought dimensional variances from the Zoning Board of Appeals to construct a 14' x 48' digital sign at 45' above ground level at 6565 N. Telegraph.

92. Plaintiff International Outdoor submitted evidence and demonstrated that the variances sought for size and height would better serve the goals of the ordinance by reducing sign clutter and minimizing the visual impact to the nearby residential uses, meeting its burden to allow the ZBA to approve the requested variances.  **Exhibit HH.**

15

93. Defendant City of Dearborn Heights, by and through its Zoning Board of Appeals, conducted a hearing pursuant to Section 26-18 of the City's Sign Ordinance and the Michigan Zoning Enabling Act MCL § 125.3601 et. seq.

94. In its decision entered September 19, 2024, Defendant City of Dearborn Heights Zoning Board of Appeals denied variance requests made by Plaintiff International Outdoor, Inc. related to an off-premises sign located at 6565 N. Telegraph. **Exhibit II.**

### *26455 Ford Road*

95. The real property at 26455 Ford Road is in a C-2 zone and SCD VI which allows Off-premises signs.

96. Plaintiff International Outdoor sought dimensional variances from the Zoning Board of Appeals to construct a 10'6" x 36' digital sign at 45' above ground level at 26455 Ford Road.

97. Plaintiff International Outdoor submitted evidence and demonstrated that the variances sought for size and height would better serve the goals of the ordinance by reducing sign clutter and minimizing the visual impact to the nearby residential uses, meeting its burden to allow the ZBA to approve the requested variances. **Exhibit JJ.**

98. Defendant City of Dearborn Heights, by and through its Zoning Board of Appeals, conducted a hearing pursuant to Section 26-18 of the City's Sign Ordinance and the Michigan Zoning Enabling Act MCL § 125.3601 et. seq.

99. In its decision entered September 19, 2024, Defendant City of Dearborn Heights Zoning Board of Appeals denied variance requests made by Plaintiff International Outdoor, Inc. related to an off-premises sign located at 26455 Ford Road. **Exhibit II.**

**COUNT I**

**42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S FIRST AND
FOURTEENTH AMENDMENT RIGHTS TO FREE SPEECH**

100.     International Outdoor incorporates the preceding allegations as if fully set forth herein.

101.     Billboard and outdoor off-premises sign advertising is a form of speech protected under the First and Fourteenth Amendments to the U.S. Constitution.

102.     The Defendant's Sign Ordinance treats on-premises and off-premises signs differently.

103.     The Defendant's Billboard prohibition contains no distinction between commercial speech and non-commercial speech.

104.     The application of Defendant's Sign Ordinance and selective enforcement in favor of GOA creates a content-based regulation of speech by favoring GOA and burdening Plaintiff International Outdoor.

105.     Laws and Ordinances regulating speech based on content are presumptively unconstitutional.

106.     Laws and Ordinances favoring some speakers over other speakers are considered content-based regulations.

107.     The City's regulations and their application do not constitute reasonable time, place and manner regulations for off-premises signs.

108.     To satisfy the First and Fourteenth Amendments of the United States Constitution, any attempt by Dearborn Heights to regulate or restrict International Outdoor's outdoor

17

advertising activities must directly advance a compelling government interest and be narrowly tailored to reach no further than necessary to achieve that interest. *See L.D. Mgt. Co. v Gray*, 988 F.3d 836 (6th Cir 2021); *See also Sorrell v IMS Health, Inc.* 564 U.S. 552 (2011).

109.  The Defendant's sign ordinance does not advance a compelling government interest.

110.  The Billboard prohibition contained in the Defendant's Sign Ordinance is overinclusive by prohibiting all speech not related to activities occurring on the premises and thus is not narrowly tailored to the interest it purports to advance.

111.  The Billboard prohibition contained in the Defendant's Sign Ordinance is underinclusive because the exceptions to the billboard prohibition depend on the content of the message and thus is not narrowly tailored to the interest it purports to advance.

112.  The application of the billboard prohibition contained in the Defendant's Sign Ordinance is underinclusive because the exceptions that the city has made to the billboard prohibition depend on the speaker of the message and thus is not narrowly tailored to the interest it purports to advance.

113.  In the alternative, to satisfy the First and Fourteenth Amendments of the United States Constitution, any attempt by Dearborn Heights to regulate or restrict International Outdoor's outdoor advertising must directly advance a substantial government interest and be narrowly tailored to reach no further than necessary to achieve that interest.

114.  The City's ordinance regulation is not narrowly tailored to advance the interests it has set forth in the ordinance.

115.     Dearborn Heights has acted under color of state law in its attempts to prohibit International Outdoor from erecting and maintaining billboards within the City.

116.     While purportedly prohibiting Billboards that deviate from the Sign Ordinance's strict regulations for size and height, Dearborn Heights has completely relaxed its standards for a favored speaker or speakers, as evidenced by the existing Billboards, some of which have either been permitted or expanded since the enactment of the sign ordinance.

117.     Notwithstanding the written procedures set forth in the ordinance, Dearborn Heights Planning Commission or Building Department has allowed non-conforming signs to be altered or expanded without the input of the Zoning Board of Appeals such as the relocation and digital conversion of signs at 4503 S. Telegraph, 6858 N. Telegraph, 8654 S. Telegraph and 4648 Southfield Freeway.

118.     Notwithstanding the written procedures set forth in the ordinance, Dearborn Heights has allowed new signs to be constructed without the input of the Zoning Board of Appeals such as the installation and permitting of signs at 4503 S. Telegraph, 6858 N. Telegraph, 8654 S. Telegraph and 4648 Southfield Freeway,

119.     The Ordinance does not give the Building Department or the Planning Commission the discretion to authorize relocations or alterations of non-conforming Billboards, nor does it give the Building Department or Planning Commission the discretion or authorization to permit new signs to be constructed.

120.     Dearborn Heights has continuously favored GOA by allowing the expansion of non-conforming signs contrary to the written procedures set forth in the Ordinance, which GOA then sold to competitors of Plaintiff International Outdoor.

121.    Dearborn Heights has continuously favored GOA by allowing the installation of new Billboard signs contrary to the written procedures set forth in the Ordinance, which GOA then sold to competitors of Plaintiff International Outdoor

122.    Many of these competitor signs were permitted as "relocations" but then the original sign has not been removed or the non-conforming use was expanded.

123.    In comparison, International Outdoor, despite requesting exceptions from the *same* sections of the Sign Ordinance, has repeatedly been denied, including its applications for off-premises signs at 5401 S. Telegraph, 25660 Michigan Avenue, 6565 N. Telegraph and 26455 Ford Road.

124.    The relaxation of all the same restrictions in its Sign Ordinance for a preferred speaker, and its further assistance with helping GOA expand its non-conforming signs so it could deviate from the Sign Ordinance, eviscerates all the governmental interests the Sign Ordinance purports to advance.

125.    As interpreted and applied by the City, the Ordinance has deprived Plaintiff International Outdoor of its First Amendment Rights to Speech, and International Outdoor has suffered and will continue to suffer financial harm because of its inability to exercise its First Amendment Rights in Dearborn Heights.

WHEREFORE, International Outdoor prays for judgment against Dearborn Heights granting International Outdoor injunctive and declaratory relief, including reversing the decisions of the Zoning Board of Appeals and directing the Building Department to issue sign permits to International Outdoor and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

**COUNT II**

**DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW –
UNCONSTITUTIONAL PRIOR RESTRAINT**

126.     International Outdoor incorporates the preceding allegations as if fully set forth

herein.

127.     The Sign Ordinance, by requiring permit approval, imposes an unconstitutional

prior restraint on speech.

128.     Dearborn Heights has enacted and enforced the Sign Ordinance under color of state

law.

129.     The requirement of government approval, by way of a license, permit, or otherwise,

before engaging in expression, is a prior restraint that is presumed to be unconstitutional

unless certain safeguards are met, including, but not limited to a definite and objective

standards to guide the decision to issue a permit and a brief time in which the decision must

be made either to grant or deny the permit, among other requirements.

130.     The Sign Ordinance does not incorporate the required procedural safeguards in the

regulatory scheme and in so doing violates Plaintiff International Outdoor's first

amendment rights to free speech.

131.     The Sign Ordinance, as outlined in Section 26, does not permit discretion to City

officials to issue permits for projects that deviate from the ordinance.

132.     However, these standards have not been applied consistently by City officials, as

demonstrated through the prior actions of the City in other cases, versus its denial of

International Outdoor's applications at 5401 S. Telegraph Road, 25660 Michigan Avenue,

6565 N. Telegraph and 26455 Ford Road despite the same exceptions being requested by

both applicants.

133.     Indeed, city officials continued to assist GOA by issuing permits and selective enforcement of the Ordinance and consent judgment.

134.     As a result of the Sign Ordinance and as applied to International Outdoor, International Outdoor has suffered and will continue to suffer financial harm because of its inability to erect and use its proposed billboards.

WHEREFORE, International Outdoor prays for judgment against Dearborn Heights granting International Outdoor injunctive and declaratory relief, including reversing the decisions of the Zoning Board of Appeals and directing the Building Department to issue sign permits to International Outdoor and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

## COUNT III

### DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS UNDER COLOR OF STATE LAW – EQUAL PROTECTION UNDER MICHIGAN LAW

135.     International Outdoor incorporates the preceding allegations as if fully set forth herein.

136.     The Dearborn Heights Sign Ordinance is unconstitutional under Michigan law as it relates to International Outdoor because of the City's unequal and discriminatory enforcement as it relates to similarly situated applicants. *See, e.g., Township of Blackman v. Koller*, 357 Mich. 186; 98 N.W.2d 538 (1959).

137.     As a class of one, there is no rational basis for the City's difference in treatment of International Outdoor and GOA.

138.     Dearborn Heights has not followed its own written procedures when permitting projects that are in violation of the Sign Ordinance from the outset or allowing the expansion of a non-conforming use in favor of GOA and repeatedly denying similar applications by International Outdoor for 5401 S. Telegraph, 25660 Michigan Avenue, 6565 N. Telegraph and 26455 Ford Road off-premises advertising signs.

WHEREFORE, International Outdoor prays for judgment against Dearborn Heights granting International Outdoor injunctive and declaratory relief, including reversing the decisions of the Zoning Board of Appeals and directing the Building Department to issue sign permits to International Outdoor and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

**COUNT IV**

**VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS AS GUARANTEED THE 14th AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 17 OF THE MICHIGAN CONSTITUTION**

139.     International Outdoor incorporates the preceding allegations as if fully set forth herein.

140.     There is no reasonable government interest being advanced by the Dearborn Heights Sign Ordinance in light of the City's past permitting practices in granting GOA the right to erect several billboards inconsistent with the purported regulations in the Sign Ordinance.

141.     Further, Dearborn Heights has denied International Outdoor's applications despite the requests mirroring the exceptions granted to GOA in the previous examples where Billboards exist and were expanded after the adoption of the current ordinance.

142.     In light of the City's conduct as it relates to the similarly situated applications of GOA and International Outdoor, the the City's selective enforcement of the Sign Ordinance is unreasonable because of the purely arbitrary, capricious and unfounded and repeated denials issued to International Outdoor's applications.

143.     The Dearborn Heights current Sign Ordinance therefore violates International Outdoor's substantive due process rights as secured under federal and state law.

WHEREFORE, International Outdoor prays for judgment against Dearborn Heights granting International Outdoor injunctive and declaratory relief, including reversing the decisions of the Zoning Board of Appeals and directing the Building Department to issue sign permits to International Outdoor and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

## COUNT V

**APPEAL OF THE ZONING BOARD OF APPEALS' DENIAL
OF THE VARIANCES SOUGHT FOR 5401 S. TELEGRAPH ROAD.**

144.     International Outdoor incorporates the preceding allegations as if fully set forth herein.

145.     International Outdoor appeals the decision pursuant to MCL § 125.3606 – 125.3607.

146.     The Zoning Board of Appeals' decision to deny the variances requested did not comply with the Laws of the State of Michigan.

147.     The Zoning Board of Appeals' decision to deny the variances requested was not supported by competent, material and substantial evidence on the record.

24

148.     The Zoning Board of Appeals' decision to deny the variances requested did not represent a reasonable exercise of discretion granted by law to the Zoning Board of Appeals.

Wherefore, Plaintiff respectfully requests that this Court reverse the denial of the Zoning Board of Appeals and direct the Defendant City of Dearborn Height to promptly issue permits to allow construction of the Plaintiff's off-premises signs as proposed.

**COUNT VI**

**APPEAL OF THE ZONING BOARD OF APPEALS' DENIAL<br>OF THE VARIANCES SOUGHT FOR 25660 MICHIGAN AVENUE.**

149.     International Outdoor incorporates the preceding allegations as if fully set forth herein.

150.     Plaintiff appeals the decision pursuant to MCL § 125.3606 – 125.3607.

151.     The Zoning Board of Appeals' decision to deny the variances requested did not comply with the Laws of the State of Michigan.

152.     The Zoning Board of Appeals' decision to deny the variances requested was not supported by competent, material and substantial evidence on the record.

153.     The Zoning Board of Appeals' decision to deny the variances requested did not represent a reasonable exercise of discretion granted by law to the Zoning Board of Appeals.

Wherefore, Plaintiff respectfully requests that this Court reverse the denial of the Zoning Board of Appeals and direct the Defendant City of Dearborn Height to promptly issue permits to allow construction of the Plaintiff's off-premises signs as proposed.

Respectfully Submitted,

___/s/ Benjamin S. Herrick_____
Benjamin S. Herrick (P66112)
International Outdoor Inc
Attorney for Plaintiff
28423 Orchard Lake Road
Suite 200
Farmington Hills MI 48334
248-489-8989
Legal2@iobillboard.com

 _/s/ Amir Makled_____
 Amir Makled (P76306)
 Hall Makled PC
 Attorney for Plaintiff
 23950 Princeton Street
 Dearborn MI 48214
 313-788-8888
 amakled@hallmakled.com

 _/s/ Corey David Grandmaison_____
Corey David Grandmaison (P64392)
International Outdoor Inc
Attorney for Plaintiff
28423 Orchard Lake Road
Suite 200
Farmington Hills MI 48334
248-489-8989
Legal1@iobillboard.com

Dated: September 4, 2025