UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

Case No:  25-cv-12800
Hon. Susan K. DeClercq

Plaintiff,

v.

CITY OF DEARBORN HEIGHTS,

Defendant.

---

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, CITY OF DEARBORN HEIGHTS, through their Attorneys, ROSATI SCHULTZ JOPPICH & AMSTBUECHLER, submit the following for its Answer to the Complaint:

1.     Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

2.     Answering paragraph 2, Defendant admits the allegation.

3.     Answering paragraph 3, Defendant admits that this Court has jurisdiction over claims brought pursuant to 42 U.S.C. § 1983, subject to and without waiving its affirmative defenses pertaining to jurisdiction.

4.     Answering paragraph 4, Defendant admits that this Court has jurisdiction over matters arising under 28 U.S.C. § 1343(a)(3) & (4), subject to and without waiving its affirmative defenses pertaining to jurisdiction.

5.     Answering paragraph 5, Defendant admits that this Court may exercise jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Answering paragraph 6, Defendant does not contest venue.

7.     Answering paragraph 7, Defendant admits the allegation.

8.     Answering paragraph 8, Defendant admits only that the Sign Ordinance includes amendments that were adopted pursuant to Ordinance No. H-03-01 on May 13, 2023.

9.     Answering paragraph 9, Defendant admits that the paragraph accurately quotes the text of City of Dearborn Code of Ordinances Sec. 26-1.

10.     Answering paragraph 10, Defendant states that Ordinance Sec. 26-4 speaks for itself, and the paragraph accurately summarizes the section's contents.

11.     Answering paragraph 11, Defendant admits the allegation with respect to its representation of SCDs I-VII, and states that subsections (8) and (9) of Ordinance Sec. 26-4 refer to signs in the M-3 district, and to corridor design plans with respect to Beech Daly, Telegraph, Warren, and other business districts, respectively, but without express reference to SCDs "VIII" or "IX."

12.     Answering paragraph 12, Defendant admits the allegation.

13.     Answering paragraph 13, Defendant admits the allegation.

14.     Answering paragraph 14, Defendant admits the allegation.

15.     Answering paragraph 15, Defendant admits the allegation.

16.     Answering paragraph 16, Defendant admits the allegation.

17.     Answering paragraph 17, Defendant admits the allegation.

18.     Answering paragraph 18, Defendant admits the allegation.

19.     Answering paragraph 19, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

20.     Answering paragraph 20, Defendant admits the allegation.

21.     Answering paragraph 21, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

22.     Answering paragraph 22, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

23.     Answering paragraph 23, Defendant admits that the paragraph accurately summarizes an excerpt of Ordinance Sec. 26-15, and specifically Ordinance Sec. 26-15(a).

24.    Answering paragraph 24, Defendant admits that the paragraph accurately quotes Ordinance Sec. 26-15(b)(1).

25.    Answering paragraph 25, Defendant admits that the paragraph accurately quotes Ordinance Sec. 26-15(b)(2).

26.    Answering paragraph 26, Defendant denies that the paragraph accurately quotes Ordinance Sec. 26-15(b)(3), but states that the referenced language appears in Ordinance Sec. 26-15(b)(4).

27.    Answering paragraph 27, Defendant admits the allegation.

28.    Answering paragraph 28, Defendant denies the allegations as untrue. For further answer, Defendant affirmatively states that the Sign Ordinance provides a mechanism for seeking variances from its terms.

29.    Answering paragraph 29, Defendant admits only that the paragraph accurately summarizes an excerpt of Ordinance Sec. 28-16(b).

30.    Answering paragraph 30, Defendant neither admits nor denes the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

31.    Answering paragraph 31, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

32.     Answering paragraph 32, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

33.     Answering paragraph 33, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

34.     Answering paragraph 34, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

35.     Answering paragraph 35, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

36.     Answering paragraph 36, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

37.     Answering paragraph 37, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

38.     Answering paragraph 38, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

39.     Answering paragraph 39, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

40.     Answering paragraph 40, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

41.     Answering paragraph 41, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

42.     Answering paragraph 42, Defendant neither admits nor denies the allegations as characterized, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

43.     Answering paragraph 43, Defendant admits only that the paragraph accurately summarizes an excerpt of the document attached to the Complaint as Exhibit N.

44.     Answering paragraph 44, Defendant admits the allegation.

45.     Answering paragraph 45, Defendant states that the minutes of the October 10, 2013 Planning Commission speak for themselves, and Defendant denies that Plaintiff has completely or accurately summarized their contents.

46.     Answering paragraph 46, Defendant states that the minutes of the October 10, 2013 Planning Commission meeting speak for themselves, and admits only that the minutes reflect a motion to approve allowing a sign to be moved from 4055 to 4503 S. Telegraph.

47.     Answering paragraph 47, Defendant admits that the signs at both 4055 S. Telegraph and 4503 S. Telegraph remain standing today, but deny the balance of the allegations in paragraph 47 as characterized. For further answer, Defendant states that GOA subsequently modified its request to replace a sign at 6850 N. Telegraph with the sign at 4503 S. Telegraph. The sign at 6850 N. Telegraph was removed, and the sign at 6858 N. Telegraph was not constructed.

48.     Answering paragraph 48, Defendant states that no answer is required, as the paragraph contains a legal conclusion, and Defendant neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to this case.

49.     Answering paragraph 49, Defendant admits the allegation.

50.     Answering paragraph 50, Defendant states that the minutes of the October 10, 2023 Planning Commission meeting speak for themselves, and admits

only that the minutes reflect a motion to approve allowing moving an existing billboard from 6858 N. Telegraph contingent upon the property owner submitting parking information for administrative site plan approval and parking to be reconfigured if necessary.

51.     Answering paragraph 51, Defendant states that no answer is required, as the paragraph contains a legal conclusion, and Defendant neither admits nor denies that Plaintiff has completely or accurately stated and applied all law applicable to this case. For further answer Defendant states that the sign at 6858 N. Telegraph was not constructed, and the sign that was identified for removal at 6850 N. Telegraph was subsequently removed.

52.     Answering paragraph 52, Defendant admits the allegation.

53.     Answering paragraph 53, Defendant states that the document attached as Exhibit S to the Complaint speaks for itself, and admits only that the paragraph accurately summarizes an excerpt of the McKenna letter.

54.     Answering paragraph 54, Defendant states that the document attached as Exhibit T to the Complaint speaks for itself, and admits only that the paragraph accurately summarizes an excerpt of the McKenna letter.

55.     Answering paragraph 55, Defendant admits the allegation.

56.     Answering paragraph 56, Defendant states that the document attached as Exhibit V to the Complaint speaks for itself, and appears to indicate that it is a permit for a sign at 4648 Southfield.

57.     Answering paragraph 57, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

58.     Answering paragraph 58, Defendant neither admits nor denies the allegations pertaining to Exhibits W and X, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs. Defendant denies the balance of the allegations as untrue as characterized.

59.     Answering paragraph 59, Defendant states that the document attached as Exhibit Y to the Complaint speaks for itself, and appears to indicate that it is a permit for a sign at 8654 N. Telegraph.

60.     Answering paragraph 60, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

61.     Answering paragraph 61, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

62.     Answering paragraph 62, Defendant states that the document attached as Exhibit AA to the Complaint speaks for itself, and admits only that the document reflects an alleged constitutional challenge.

63.     Answering paragraph 63, Defendant states that the document attached as Exhibit BB to the Complaint speaks for itself, but denies the paragraph's characterization of the document as "favorable treatment of GOA and in violation of the Ordinance" as untrue.

64.     Answering paragraph 64, Defendant admits that the billboard at 20239 Warren Avenue remains standing as of the date of this Answer. Defendant denies the balance of the allegations in paragraph 64 as untrue.

65.     Answering paragraph 65, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

66.     Answering paragraph 66, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

67.     Answering paragraph 67, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

68.     Answering paragraph 68, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

69.     Answering paragraph 69, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

70.     Answering paragraph 70, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

71.     Answering paragraph 71, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

72.     Answering paragraph 72, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

73.     Answering paragraph 73, Defendant states that the minutes of the June 12, 2025 Planning Commission meeting speak for themselves, and deny as untrue that the Commission, as a public body, approved any motion, resolution, or order consistent with the representations of paragraph 73.

74.     Answering paragraph 74, Defendant states that the minutes of the June 12, 2025 Planning Commission speak for themselves, and affirmatively states that the motion reflected in those minutes reflects a motion "to Approve SPR2025-0005: 5401 Telegraph/International Outdoor Inc. with Public Hearing, change billboard sign – replacing the existing billboard sign with the same dimensions to the Building Department given that the owner will comply with any zoning, ZBA variances."

75.     Answering paragraph 75, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

76.     Answering paragraph 76, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

77.     Answering paragraph 77, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

78.     Answering paragraph 78, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

79.     Answering paragraph 79, Defendant admits the allegation.

80.     Answering paragraph 80, Defendant admits the allegation.

81.    Answering paragraph 81, Defendant admits the allegation.

82.    Answering paragraph 82, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

83.    Answering paragraph 83, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

84.    Answering paragraph 84, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

85.    Answering paragraph 85, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

86.    Answering paragraph 86, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

87.    Answering paragraph 87, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

88.     Answering paragraph 88, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

89.     Answering paragraph 89, Defendant admits the allegation.

90.     Answering paragraph 90, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

91.     Answering paragraph 91, Defendant admits the allegation.

92.     Answering paragraph 92, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

93.     Answering paragraph 93, Defendant admits the allegation.

94.     Answering paragraph 94, Defendant states that the document attached as Exhibit H to the Complaint speaks for itself, and denies as untrue that it reflects a discussion of 6565 N. Telegraph Road.

95.     Answering paragraph 95, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

96.     Answering paragraph 96, Defendant admits the allegation.

97.    Answering paragraph 97, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

98.    Answering paragraph 98, Defendant admits the allegation.

99.    Answering paragraph 99, Defendant states that the document attached as Exhibit H to the Complaint speaks for itself, and denies as untrue that it reflects a discussion of 6565 N. Telegraph Road.

## COUNT I

100.   Answering paragraph 100, Defendant restates and incorporates by reference its answers to paragraphs 1-99 as though fully set forth herein.

101.   Answering paragraph 101, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

102.   Answering paragraph 102, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs. For further answer, Defendant denies as untrue any implication of liability arising from ordinance provisions that distinguish between on-premises and off-premises signs, as such distinctions are constitutional content-neutral distinctions.

103.   Answering paragraph 103, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs. For further answer, Defendant admits that the ordinance does not contain any unconstitutional content-based regulations.

104.   Answering paragraph 104, Defendant denies the allegations as untrue.

105.   Answering paragraph 105, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

106.   Answering paragraph 106, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

107.   Answering paragraph 107, Defendant denies the allegations as untrue.

108.   Answering paragraph 108, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

109.    Answering paragraph 109, Defendant denies that the paragraph advances the correct legal standard, and denies the allegations as untrue.

110.    Answering paragraph 110, Defendant denies the allegations as untrue.

111.    Answering paragraph 111, Defendant denies the allegations as untrue.

112.    Answering paragraph 112, Defendant denies the allegations as untrue.

113.    Answering paragraph 113, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

114.    Answering paragraph 114, Defendant denies the allegations as untrue.

115.    Answering paragraph 115, Defendant denies the allegations as untrue.

116.    Answering paragraph 116, Defendant denies the allegations as untrue.

117.    Answering paragraph 117, Defendant denies the allegations as untrue as characterized.

118.    Answering paragraph 118, Defendant denies the allegations as untrue as characterized.

119.    Answering paragraph 119, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

120. Answering paragraph 120, Defendant denies the allegations as untrue.

121. Answering paragraph 121, Defendant denies the allegations as untrue.

122. Answering paragraph 122, Defendant neither admits nor denies the allegations contained therein, having insufficient knowledge or information upon which to form a belief, and leaves Plaintiff to its proofs.

123. Answering paragraph 123, Defendant denies the allegations as untrue as characterized.

124. Answering paragraph 124, Defendant denies the allegations as untrue.

125. Answering paragraph 125, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

## COUNT II

126. Answering paragraph 126, Defendant restates and incorporates by reference its answers to paragraphs 1-126 as though fully set forth herein.

127. Answering paragraph 127, Defendant denies the allegations as untrue.

128. Answering paragraph 128, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies

that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs.

129.    Answering paragraph 129, Defendant states that no answer is required, as the paragraph states a legal conclusion, and Defendant neither admits nor denies that Plaintiff has accurately or completely stated and applied all law applicable to this matter, and leaves Plaintiff to its proofs. For further answer, Defendant denies as untrue any implication that is liable for a prior restraint.

130.    Answering paragraph 130, Defendant denies the allegations as untrue.

131.    Answering paragraph 131, Defendant denies the allegations as untrue.

132.    Answering paragraph 132, Defendant denies the allegations as untrue.

133.    Answering paragraph 133, Defendant denies the allegations as untrue.

134.    Answering paragraph 134, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

## **COUNT III**

135.    Answering paragraph 135, Defendant restates and incorporates by reference its answers to paragraphs 1-134 as though fully set forth herein.

136.   Answering paragraph 136, Defendant denies the allegations as untrue.

137.   Answering paragraph 137, Defendant denies the allegations as untrue.

138.   Answering paragraph 138, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

## **COUNT IV**

139.   Answering paragraph 139, Defendant restates and incorporates by reference its answers to paragraphs 1-138 as though fully set forth herein.

140.   Answering paragraph 140, Defendant denies the allegations as untrue.

141.   Answering paragraph 141, Defendant denies the allegations as untrue as characterized.

142.   Answering paragraph 142, Defendant denies the allegations as untrue.

143.   Answering paragraph 143, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs

and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

## **COUNT V**

144.   Answering paragraph 144, Defendant restates and incorporates by reference its answers to paragraphs 1-143 as though fully set forth herein.

145.   Answering paragraph 145, Defendant states that the Complaint speaks for itself, and denies that Plaintiff is entitled to the relief that it seeks.

146.   Answering paragraph 146, Defendant denies the allegations as untrue.

147.   Answering paragraph 147, Defendant denies the allegations as untrue.

148.   Answering paragraph 148, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, affirm the decision of the Zoning Board of Appeals, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

## **COUNT VI**

149.   Answering paragraph 149, Defendant restates and incorporates by reference its answers to paragraphs 1-148 as though fully set forth herein.

150.   Answering paragraph 150, Defendant states that the Complaint speaks for itself, and Defendant denies that Plaintiff is entitled to the relief that it seeks.

151.   Answering paragraph 151, Defendant denies the allegations as untrue.

152.   Answering paragraph 152, Defendant denies the allegations as untrue.

153.   Answering paragraph 153, Defendant denies the allegations as untrue.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, affirm the decisions of the Zoning Board of Appeals, dismiss the Complaint with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH
 & AMTSBUECHLER PC

 /s/ Matthew J. Zalewski
Matthew J. Zalewski (P72207)
Attorneys for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

Dated:  October 21, 2025

## **AFFIRMATIVE DEFENSES**

Defendant, CITY OF DEARBORN HEIGHTS, by and through its counsel, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, P.C., raises the following affirmative defenses to the Complaint:

22

1.      Plaintiff lacks standing to assert its constitutional claims for reasons including but not limited to: lack of an injury-in-fact or causation arising from the challenged ordinance provisions, and lack of a redressable harm.

2.      Some or all of Plaintiff's claims are barred by the Court's lack of subject matter jurisdiction because Plaintiff's claims are not ripe for adjudication.

3.      Some or all of Plaintiff's claims are moot.

4.      Plaintiff's First Amendment claims fails as a matter of law, as the dimensional and location requirements for billboards within the Sign Ordinance are content-neutral and supported by a rational basis.

5.      Plaintiff's claims fail as a matter of law, as provisions of the Sign Ordinance that are challenged as unconstitutional are severable from provisions applicable to Plaintiff's proposed sign that pass constitutional muster.

6.      Plaintiff's request for damages relative to Plaintiff's First and Fourteenth Amendment claims specifically fail to state a claim upon which relief can be granted, and/or judgment should be entered for Defendants on that claim as a matter of law, as the challenged procedures are severable from the constitutional dimensional regulations applied to Plaintiff's sign application.

7.      Plaintiff's due process claim fails for lack of a protected property right in an unissued first-time permit for a sign.

8.     Plaintiff's due process claim fails where the U.S. Constitution provides an explicit textual source of protection for the rights sought to be vindicated by Plaintiff, such that reliance on the Due Process clause is redundant and unnecessary.

9.     The City's ordinances are presumed to be valid.

10.    Plaintiff has not alleged a custom, policy, practice or procedure giving rise to constitutional deprivations.

11.    Plaintiff's municipal liability claim must fail where the protocols in place are not deliberately indifferent to any of the Plaintiff's individual rights.

12.    The Michigan Constitution's guarantees are construed coextensively with their federal counterparts and Plaintiff's claims under the Michigan Constitution fail for the same reasons as those raised under the U.S. Constitution.

13.    Plaintiff cannot establish entitlement to damages.

14.    Some or all of Plaintiff's claims may be barred by immunity afforded by federal law.

15.    Plaintiff's request for declaratory judgment fails because declaratory relief is not needed to guide future action between the parties.

16.    Plaintiff's Equal Protection claim fails to state a claim, or as a matter of law, as Plaintiff cannot identify any similarly situated others that have been treated differently.

24

17.     Plaintiff's Equal Protection claim fails as a matter of law, as the City's enforcement of its ordinances has a rational basis, and Plaintiff cannot negate each and every conceivable rational basis behind the City's decisions.

18.     Plaintiff's claims will fail, and Defendant will be entitled to its costs and attorney fees under 42 U.S.C. §1988.

19.     Counts V and VI fail as a matter of law, as the challenged Zoning Board of Appeals decisions are authorized by law, supported by competent, material and substantial evidence on the whole record, and represent a reasonable exercise of discretion.

20.     Counts I-IV are barred by the doctrine of *res judicata* insofar as they are a collateral attack on the Zoning Board of Appeals decisions challenged in Counts V and VI.

21.     The Complaint is barred in whole or in part by the doctrines of claim preclusion and/or issue preclusion.

22.     Reservation: Defendant reserves the right to raise additional and/or further affirmative defenses that become known throughout the course of further proceedings in this matter.

WHEREFORE, Defendant, CITY OF DEARBORN HEIGHTS, respectfully requests that this Honorable Court deny the relief requested in the Complaint, affirm the challenged decisions of the Zoning Board of Appeals, dismiss the Complaint

with prejudice, enter judgment for Defendant, award costs and attorney fees so wrongfully incurred, and grant any other relief deemed appropriate.

Respectfully Submitted,

ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.

/s/ Matthew J. Zalewski
MATTHEW J. ZALEWSKI (P72207)
Attorney for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100
mzalewski@rsjalaw.com

Dated: October 21, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email on October 21, 2025.

ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.

/s/ Dawn Hallman
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331-3550
(248) 489-4100